## H. Lochte & Co. v. Alice E. Austin.

1. **Tax-title.** *Deed. Description. Parol evidence.*

    Where land in a town is sold for taxes, and the collector's deed fails to. mention the town, but describes the property as being in a certain township and range of the county, bounded by certain streets, the land may be identified by parol evidence showing the location of the streets in the town.

2. **Same.** *Description. Misnomer of boundary.*

    Where, in a deed, land is correctly described as to its boundaries on three sides, the misnomer of a street on the remaining side is immaterial.

3. **Same.** *Tax-collector's deed. Prima facie evidence. Part of taxes illegal.*

    A tax-collector's deed is *prima facie* evidence of a valid assessment and sale. It is immaterial that part of the tax for which the land was sold was illegal, if that which was legal was not tendered before sale. Code 1880, § 525.

From the circuit court of Harrison county.

Hon. S. H. Terral, Judge.

Appellants brought ejectment against appellee to recover a lot of land in the town of Biloxi, fronting south on Washington street fifty feet and running back north eighty feet, bounded on the east by the lot of N. and Mary Pitre; north by Biloxi firemen's property, and west by the lot of Zuberbier & Behan. This is the correct description. Plaintiff introduced a number of deeds and offered certain parol testimony to show possession under the same, and rested.

Defendant introduced evidence to show that she was one of the heirs of J. J. Hurty, deceased, and read in evidence a deed to herself from the other heirs of said Hurty. She then introduced a deed from the tax-collector of Harrison county to J. J. Hurty, dated March 4, 1889. This deed was in due form, and recited a sale of the land for non-payment of state and county taxes for 1888. In it, the land was re-

ferred to as being situated in Harrison county, and was described as follows:

| Description of Land. | Sec. | T. | R. |
|---|---|---|---|
| 1 lot, S. by Washington street . . . . . . . . . . . . . . . <br> E. " N. Patre . . . . . . . . . . . . . . . . . . . . . . <br> N. " Fireman's Hall . . . . . . . . . . . . . . . . . <br> W. " Lamense st. (less lot sold to Zuberbier & Behan) | . . . <br> . . . <br> . . . <br> . . . | . . . <br> . . . <br> . . . <br> 7 | . . . <br> . . . <br> . . . <br> 9 |

It was shown by the testimony of the tax-collector that the only Washington and Lamense streets in the township and range referred to in Harrison county were the streets of those names in the town of Biloxi. It was shown that the lot in controversy was formerly owned by one Champlin, under whom plaintiffs claimed; also that Champlin owned the adjacent strip of land on the west, which strip fronted south on Washington street 40 feet and extended back north 80 feet, bounded on the west by Lamense street, and on the north by the Biloxi firemen's property, and that it had been conveyed to Zuberbier & Behan.

On the trial it was agreed that the taxes for which the lot in controversy was sold consisted, in part, of a tax for school purposes levied on property in the town of Biloxi, a separate school-district, which taxes the collector was not authorized to collect; that the other taxes for which the land had been sold were legally assessed, and were collectible, and had never been tendered to the collector.

In the deed from the other heirs of J. J. Hurty to defendant, the land in controversy was correctly described as to its boundaries on three sides, but it recited that the same was bounded on the west by Lawrence street, in the town of Biloxi. The evidence showed that there was a Lamense street, but no Lawrence street in said town.

The court gave a peremptory instruction for defendant, and judgment was entered accordingly, from which plaintiffs appeal.

*H. Bloomfield*, for appellants.

An assessment describing a tract of land and excepting a part, without properly describing the excepted portion, is void. 2 Devlin on Deeds, § 1376. Under this rule, the deed from the tax-collector to Hurty, which referred to certain land, " less sold to Zuberbier & Behan," is invalid.

The property in dispute was in an incorporated town and a separate school-district, therefore the board of supervisors of the county had no right to levy a school-tax thereon. *Bourdeaux* v. *Meridian Land Co.*, 67 Miss., 304.

Appellants submit that the court erred in granting a peremptory instruction for defendant.

*A. M. Dahlgreen* and *W. A. White*, for appellee.

The defect in the description in defendant's tax-deed was cured by the testimony and the deeds showing what lot was sold to Zuberbier & Behan. The lot in controversy was fully identified.

It is immaterial that part of the tax for which the land was sold was illegal, as that which was legal was not tendered before sale. Code 1880, § 525; *Lewis* v. *Railroad Co.*, 67 Miss., 82.

Campbell, C. J., delivered the opinion of the court.

The uncertainty as to the land described by the tax-collector's deed, by reason of its failure to state that the lot is in Biloxi, was removed by the evidence, which also shows the application of the expression in it, "less lot sold to Zuberbier & Behan," and renders certain what land was sold.

The deed is *prima facie* evidence that the assessment and sale of the land were legal and valid, and, in the absence of any evidence to the contrary, must be held to have conveyed title.

The defendant is one of the heirs of Hurty, the grantee in the tax-collector's deed, and had the right to defend under it for herself and co tenants, if they had not conveyed to her; but they had, and, as the lot was correctly described in their

deed to her as to its boundaries on three sides, the misnomer of a street on the remaining side did not make any difference. The court rightly instructed the jury to find for the defendant.

*Affirmed.*